UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EVELYN J. OWENS,

    Plaintiff,

        v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

_____/

No. C 09-3354 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

Before the court is a motion to dismiss filed by defendants Wells Fargo Home Mortgage and Wells Fargo Bank, N.A. ("Wells Fargo"). Also before the court is a motion to dismiss filed by defendant First American Loanstar Trustee Services ("Loanstar")(all collectively referred to as "defendants"). The motions to dismiss came on for hearing before this court on September 2 and September 16, 2009. Plaintiff Evelyn Owens ("plaintiff") appeared in pro per at the September 2 hearing and did not enter an appearance at the September 16 hearing. The Wells Fargo defendants appeared through their counsel, Adil Haq. Defendant Loanstar appeared through its counsel, Lawrence Harris. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the defendants' motions to dismiss, for the reasons stated at the hearing, and as follows.

**BACKGROUND**

This action arises out of the initiation of non-judicial foreclosure proceedings on real property purchased by plaintiff. Plaintiff appears to be a resident of Alameda County and the owner of real property located at 4151 Wilshire Blvd., Oakland, CA (the "property"). See Verified Complaint ("Complaint"), ¶ 1. On May 18, 2006, plaintiff borrowed from defendant Wells Fargo the amount of $620,304 in connection with the property. Id. ¶¶ 5-6.

The loan was secured by a Deed of Trust against the property. Id. Loanstar Trustee Services ("Loanstar") is the trustee under the Deed of Trust, and Wells Fargo is the lender. See Complaint, ¶ 6.

After plaintiff fell in arrears on loan payments, nonjudicial foreclosure proceedings were initiated, and a Notice of Default and Election to Sell Under Deed of Trust was recorded on May 18, 2007. See Complaint, ¶ 7. Plaintiff alleges, however, that she attempted to tender her arrearages, and that defendant refused her tender. Id. at ¶ 8. As such, plaintiff alleges that a judicial determination and declaration of plaintiff's and defendants' respective rights and duties is necessary, so that plaintiff may determine her rights and duties before the subject property is sold at a foreclosure sale.

On June 26, 2009, plaintiff filed this action in Alameda County Superior Court against Wells Fargo and Loanstar, alleging three causes of action: (1) declaratory relief; (2) injunctive relief; and (3) accounting. See generally Complaint. However, the actual allegations stated within the complaint purport to state additional claims under the Truth in Lending Act, and RESPA. See Complaint, ¶ 8.

On July 22, 2009, this action was removed on the basis of federal question jurisdiction. Defendants Wells Fargo and Loanstar now seek dismissal of plaintiff's complaint against them in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**DISCUSSION**

A.   Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory. Id. The issue is not whether a plaintiff is likely to succeed on the merits but rather whether the claimant is entitled to proceed beyond the threshold in

attempting to establish his or her claims. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor do courts assume the truth of legal conclusions merely because they are cast in the form of factual allegations, Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can prove facts different from those it has alleged. Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, Inc., 459 U.S. 519, 526 (1983).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8 requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). In order to survive a dismissal motion, a plaintiff must allege facts that are enough to raise her right to relief "above the speculative level." Twombly, 127 S.Ct. at 1965. While the complaint "does not need detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. Id. at 1974.

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings. Lee v. City of Los Angeles,

3

1  250 F.3d 668, 688 (9th Cir. 2001).  An exception to this rule is that a court may consider a

2  matter that is properly the subject of judicial notice, such as matters of public record.  Id. at

3  689; see also  Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir.

4  1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters

5  of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary

6  judgment).

7  B.     Requests for Judicial Notice

8       Defendants Wells Fargo and Loanstar have each filed requests for judicial notice,

9  collectively requesting that this court take judicial notice of the following documents: (1) a

10  Notice of Default, recorded on March 11, 2009, in the Official Records of Alameda County,

11  California as Instrument No. 2009-071562; (2) a Deed of Trust, recorded on June 5, 2007,

12  in the Official Records of Alameda County, California as Instrument No. 2007-209584; (3) a

13  Short Form Deed of Trust, recorded on November 16, 2006, in the Official Records of

14  Alameda County, California as Instrument No. 2006-427234; (4) a Deed of Trust, recorded

15  on March 13, 2006, in the Official Records of Alameda County, California as Instrument No.

16  2006-092269; (5) a Deed of Trust, recorded on May 31, 2005, in the Official Records of

17  Alameda County, California as Instrument No. 2005-22088; (6) a Deed of Trust, recorded

18  on June 7, 2004, in the Official Records of Alameda County, California as Instrument No.

19  2004-251385; (7) a Deed of Trust, recorded on March 19, 2002, in the Official Records of

20  Alameda County, California as Instrument No. 2002-121984; (8) a Deed of Trust, recorded

21  on January 4, 2000, in the Official Records of Alameda County, California as Instrument

22  No. 2000-001498; (9) a Deed of Trust, recorded on August 31, 1999, in the Official

23  Records of Alameda County, California as Instrument No. 99333829; (10) a Deed of Trust,

24  recorded on August 11, 1998, in the Official Records of Alameda County, California as

25  Instrument No. 98278638; (11) a Deed of Trust, recorded on December 26, 1997, in the

26  Official Records of Alameda County, California as Instrument No. 97344435; (12) a Deed of

27  Trust, recorded on December 26, 1997, in the Official Records of Alameda County,

28

California as Instrument No. 97344434; (13) a Short Form Deed of Trust, recorded on March 17, 1997, in the Official Records of Alameda County, California as Instrument No. 97068587; (14) a Deed of Trust, recorded on April 18, 1994, in the Official Records of Alameda County, California as Instrument No. 94148370; (15) a Grant Deed, endorsed and filed by the Alameda County Clerk's Office on April 14, 1986 as Document No. 86-315116; (16) a Substitution of Trustee, recorded on April 14, 2009, in the Official Records of Alameda County, California as Instrument No. 2009-108772; and (17) a Notice of Trustee's Sale, recorded on June 12, 2009, in the Official Records of Alameda County, California as Instrument No. 2009-187078.

Federal Rule of Evidence 201(b) provides the criteria for judicially noticed facts: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

As the above documents in question are matters of public record, the court GRANTS defendants' requests for judicial notice. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986)(a court may take judicial notice of matters of public record outside the pleadings on a motion to dismiss.); W. Fed. Sav. v. Heflin, 797 F.Supp. 790, 792 (N.D. Cal. 1992)(taking judicial notice of documents in a county public record, including deeds of trust).

C.     Motions to Dismiss

Both motions to dismiss before the court challenge plaintiff's ability to state cognizable claims for each of her three causes of action.

     1.     Loanstar's Immunity

Preliminarily, defendant Loanstar argues that, due to its status as a foreclosure trustee, plaintiff's complaint against it is barred as a preliminary matter by the litigation privilege of Cal. Civil Code § 47(b). Loanstar contends that the privilege, which is made

5

applicable in trustee sale proceedings, bars any tort action based on a protected communication.  Thus, Loanstar's foreclosure proceedings, based on the lender's communication to it, are protected.  Similarly, Loanstar asserts it is legally entitled to rely on the information provided to it in good faith by the beneficiary regarding the amount of default – which it did.

As an initial matter, plaintiff has not appropriately identified with particularity the conduct undertaken by Loanstar that it claims was unlawful.  Thus, it is impossible to tell what is being alleged against Loanstar specifically.  Assuming, however, that plaintiff is alleging Loanstar's conduct as trustee against it (the only reasonable inference to be drawn, in view of plaintiff's general allegations), Loanstar is correct that as trustee, it is granted certain statutory immunity from suit.  Specifically, California Civil Code § 2924, which deals with transfers and sales of deeds of trust, expressly provides: "the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage."  See Cal. Civil Code § 2924(b).  Thus, to the extent Loanstar's conduct occurred in reliance on the lender's information as provided under California statutes and § 2924, Loanstar is immune, in the absence of allegations establishing bad faith – which have not been stated here.

In addition, to the extent Loanstar's acts as trustee involved statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures, Loanstar is correct that these are privileged communications under the qualified privilege for a communication.  See, e.g., Garretson v. Post, 156 Cal.App.4th 1508 (2007).

Thus, not only is plaintiff's complaint deficient for failure to allege the facts as to Loanstar individually, plaintiff's claims also fail substantively as to Loanstar, in view of the applicable immunities and privileges.  The court accordingly GRANTS Loanstar's motion to dismiss the complaint on these grounds.  Leave to amend is granted, however, so that

plaintiff may attempt to cure the deficiencies noted herein by alleging purportedly unlawful conduct by and against Loanstar specifically, and by alleging facts sufficient to establish that the litigation privilege does not apply to Loanstar.

  2.  <u>Declaratory Relief</u>

  Plaintiff's first cause of action alleges that an "actual controversy exists between plaintiff and [Wells Fargo] concerning their respective rights and duties pertaining to the subject property and the described transactions" in that plaintiff contends that defendant violated the Truth in Lending Act ("TILA") and the Real Estate and Settlement Procedure Act ("RESPA"), and defendant disputes these contentions. <u>See</u> Complaint, ¶ 8. To that end, plaintiff seeks "a judicial determination and declaration" that "plaintiff did not breach her obligations or that trustee failed to meet statutory requirements for conduction of the [foreclosure] sale." <u>Id</u>. at ¶ 9.

  An action for declaratory relief requires the plaintiff to demonstrate the existence of an actual controversy regarding the legal rights of the parties. <u>See McClain v. Octagon Plaza, LLC</u>, 159 Cal. App. 4th 784, 800 (2008). Where there is an accrued cause of action for a past breach of contract or other wrong, declaratory relief is inappropriate. <u>See Canova v. Trustees of Imperial Irrigation District Employee Pension Plan</u>, 150 Cal. App. 4th 1487, 1497 (2007)("Declaratory relief operates prospectively to declare future rights, rather than to redress past wrongs"). The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred. <u>County of San Diego v. California</u>, 164 Cal. App. 4th 580, 607-08 (2008); <u>see also Societe de Conditionnement v. Hunter Eng. Co., Inc</u>., 655 F.2d 938, 943 (9th Cir. 1981)(a declaratory relief action "brings to the present a litigable controversy, which otherwise might only be tried in the future."). If a party has a "fully matured cause of action for money," the party must seek damages rather than declaratory relief. <u>Canova</u>, 150 Cal. App. 4th at 1497.

  To the extent plaintiff's claim for declaratory relief is premised on defendant's

7

1    purported violations of TILA and/or RESPA, plaintiff's claim fails for the same reasons
2    discussed in connection with those claims, below.  To the extent this cause of action can be
3    construed as challenging the validity of the foreclosure sale on the basis that the loan
4    documents or Deed of Trust are void or voidable, "[i]t is settled that an action to set aside a
5    trustee's sale for irregularities in sale notice or procedure should be accompanied by an
6    offer to pay the full amount of the debt for which the property was security." Arnolds
7    Management Corp. v. Eischen, 158 Cal.App.3d 575, 578 (1984); see also Karlsen v.
8    American Sav. & Loan Assn., 15 Cal.App.3d 112, 117 (1971) ("A valid and viable tender of
9    payment of the indebtedness owing is essential to an action to cancel a voidable sale under
10   a deed of trust.").  Nowhere in the complaint does plaintiff allege that she sought to tender
11   the loan proceeds in full, or provide any supporting facts.
12        Accordingly, plaintiff's first cause of action is DISMISSED for failure to state a claim
13   upon which relief may be granted.
14        2.    Injunctive Relief
15   Plaintiff's second cause of action seeks to state a claim for injunctive relief against
16   defendants. See Complaint, ¶¶ 10-12.  However, a request for injunctive relief by itself
17   does not state a cause of action and is properly brought before the court as a separate
18   motion. Shamsian v. Atl. Richfield Co., 107 Cal. App. 4th 967, 984-85 (2003).  Moreover,
19   even if the court were to construe this request as derivative of all other alleged causes of
20   action, plaintiff would still bear the burden of showing that she is likely to succeed on the
21   merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that
22   the balance of equities tip in her favor, and that an injunction is in the public interest.
23   Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008); see also
24   Munaf v. Green, 128 S.Ct. 2207, 2218-19 (2008).  Because a request for injunctive relief by
25   itself does not state a cause of action, this claim is dismissed for failure to state a claim
26   upon which relief may be granted.
27        Accordingly, plaintiff's second cause of action is DISMISSED for failure to state a
28

8

claim upon which relief may be granted. Because amendment would be futile, this claim is dismissed with prejudice. Plaintiff, however, may amend the complaint to include injunctive relief as a remedy for specific causes of action, if properly pled.

### 3. Accounting Claim

Plaintiff's third cause of action purports to state an "accounting" claim against defendants. See Complaint, ¶¶ 13-14. A cause of action seeking an accounting is treated as a cause of action available to a wronged fiduciary, and is an equitable form of remedy dependent upon a substantive basis for liability. See, e.g., Glue-Fold, Inc. v. Slautterback Corp, 82 Cal. App. 4th 1018, 1023 n.3 (2000). Thus, the claim has no separate viability if plaintiff's other causes of action fail. See id.

Plaintiff's claim, which alleges only that "[t]he amount of money defendant [Wells Fargo] owes plaintiff is unkown to plaintiff and cannot be determine [sic] without an accounting," fails to state a claim. First, such conclusory allegations fail to state a claim with the requisite level of specificity required. Second, plaintiff has not alleged that she is a wronged fiduciary capable of seeking an accounting against defendants. Finally, in view of the fact that plaintiff's remaining causes of action fail to state a claim, plaintiff's accounting claim, such as it is, has no separate viability.

For the foregoing reasons, plaintiff's third cause of action is accordingly DISMISSED.

### 4. Violations of TILA/RESPA

Finally, plaintiff purports to allege that defendant Wells Fargo violated the Truth in Lending Act's ("TILA") and Real Estate and Settlement Procedure Act's ("RESPA") disclosure requirements by: "engag[ing] in acts and practices that encouraged plaintiff to ignore the [TILA] and [RESPA] disclosures (including the Good Faith Estimate)...". See Complaint, ¶ 8. Plaintiff's allegations as to either statute have no merit.

TILA is intended to protect consumers in credit transactions by requiring disclosure of key terms of the lending arrangement and its related costs. See 15 U.S.C. § 1601 *et*

*seq.* A lender's violation of TILA allows the borrower to seek damages or to rescind a consumer loan secured by the borrower's primary dwelling. A plaintiff's damage claims relating to improper disclosures under TILA are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated. King v. State of California, 784 F.2d 910, 915 (1986); see also Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (failure to make the required disclosures under TILA occurs at the time the loan documents were signed).

As noted above, plaintiff signed her loan documents in May 2006, but did not file suit until June 2009. As such, the one-year time limit for any claim for damages is time-barred, unless the doctrine of equitable tolling applies. See King, 784 F.2d at 915 (equitable tolling of civil damages claims brought under TILA may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action). Plaintiff, however, makes no allegation that equitable tolling is warranted under the circumstances. Moreover, plaintiff fails to state or identify the nature of any disclosure violations undertaken by Wells Fargo. Accordingly, plaintiff's TILA damages claim is time-barred, fails to state a claim against defendant at any rate, and therefore is dismissed.

To the extent plaintiff attempts to state a rescission claim, TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security. Semar v. Platte Valley Federal Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986); 15 U.S.C. § 1635(a). TILA and its regulations, issued by the Federal Reserve System, 12 C.F.R. §§ 226.1-.29 ("Reg Z"), require the lender to provide a form stating the specific date on which the three-day rescission period expires. Semar, 791 F.2d at 701 (citing 15 U.S.C. § 1635(a)).

A borrower's right of rescission is extended from three days to three years if the lender (1) fails to provide notice of the borrower's right of rescission or (2) fails to make a material disclosure. 12 C.F.R. § 226.23(a)(3). "An obligor's right of rescission shall expire

1  three years after the date of consummation of the transaction or upon the sale of the
2  property, whichever occurs first, notwithstanding the fact that the information and forms
3  required under this section or any other disclosures required under this part have not been
4  delivered to the obligor." 15 U.S.C. § 1635(f); see also 12 C.F.R. § 226.23(a)(3) ("If the
5  required notice or material disclosures are not delivered, the right to rescind shall expire 3
6  years after consummation, upon transfer of all of the consumer's interest in the property, or
7  upon sale of the property, whichever occurs first.").

8        Here, plaintiff has failed to allege either that Wells Fargo failed to provide notice of
9  the right of rescission, or the nature of any material disclosure that Wells Fargo failed to
10 provide. Thus, any rescission claim must be dismissed, as well.

11       As for any RESPA claim alleged, plaintiff has failed to state the provision of RESPA
12 which she asserts has been violated. Moreover, claims under § 2605 are governed by a
13 three-year statute of limitations. 12 U.S.C. § 2614. Thus, since the alleged RESPA
14 violations which plaintiff complains of occurred in May 2006, and this action was not filed
15 until June 2009, outside the three-year limitations period, plaintiff's claim under § 2605 is
16 time-barred. While the Ninth Circuit has not addressed the question of whether equitable
17 tolling is available under RESPA, several district courts have addressed this issue and
18 determined that equitable tolling was available. See e.g., Brewer v. Indymac Bank, 609
19 F.Supp.2d 1104, 1118 (E.D. Cal. 2009); Marcelos v. Dominguez, 2008 WL 1820683, *6
20 (N.D. Cal. 2008); Bloom, 865 F.Supp. at 1386-87. However, even assuming that equitable
21 tolling is available, plaintiff has failed to allege sufficient facts demonstrating entitlement to
22 equitable tolling, for the reasons stated above.

23       To the extent that plaintiff otherwise attempts to state a claim for relief based on a
24 violation of § 2603 or § 2604, she also fails to plead a cognizable cause of action. There is
25 no private right of action for disclosure violations under § 2603, Bloom v. Martin, 865
26 F.Supp. 1377, 1384-85 (N.D. Cal. 1994), or under § 2604, Bamba v. Resource Bank, 568
27 F.Supp.2d 32, 34-35 (D.D.C. 2008) (citing Collins v. FMHA-USDA, 105 F.3d 1366, 1367-68
28

11

(11th Cir. 1997)).

Accordingly, in addition to any purported claim under TILA, any cause of action under RESPA is DISMISSED for failure to state a claim upon which relief may be granted. The claim is dismissed with leave to amend, however, so that plaintiff may allege specific facts against Wells Fargo suggesting that any qualifying conduct by Wells Fargo forms the basis for a claim under either statute, and that the applicable statutes of limitations were equitably tolled.

## CONCLUSION

For the reasons stated above, and for the additional reasons stated by defendants in their supporting papers, defendants' motions to dismiss are GRANTED. Plaintiff's first through third causes of action, and plaintiff's additional TILA and RESPA claims are dismissed as to both defendants. Plaintiff is granted leave to amend to allege facts supporting lack of immunity of defendant Loanstar, and to amend all claims, if she can, except for the second cause of action alleging injunctive relief, which is dismissed with prejudice (although plaintiff can re-allege injunctive relief as an appropriate remedy pled as part of other causes of action).

Additionally, the court has received plaintiff's proposed first amended complaint, filed on September 29, 2009, in accordance with the court's instructions at the earlier hearing on the matters referenced herein. However, in view of the delay between that hearing and the instant order – occasioned in part by the court's decision to address both dismissal motions filed by the defendants (and noticed for different hearing dates) – plaintiff's first amended complaint was filed without the benefit of the court's instruction, as set forth herein.[1]

Accordingly, plaintiff is granted leave to file a second amended complaint in

---

[1] As the court was preparing to e-file the instant order, it noticed that defendant Loanstar earlier today filed a motion to dismiss plaintiff's amended complaint (defendant Wells Fargo has not yet responded to the amended complaint). In view of the court's ruling herein, however, defendant Loanstar is instructed to review its motion to dismiss in light of the ruling, and to consider whether withdrawal of the motion is appropriate, in order to re-file a revised motion at a later date, if appropriate.

accordance with this order no later than November 4, 2009. The amended complaint must comply with Rule 8. If the further amended complaint is either filed untimely or lacks a cognizable claim, this action will be dismissed with prejudice as to all defendants. Defendant need not respond to the first amended complaint on file in this action, and may proceed to respond to any second amended complaint instead, in the event such is filed.

**IT IS SO ORDERED.**

Dated: October 16, 2009

PHYLLIS J. HAMILTON
United States District Judge