United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EVELYN J. OWENS,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.
_____/

No. C 09-3354 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

Defendants' motions to dismiss plaintiff's second amended complaint came on for hearing before this court on January 13, 2010. Plaintiff Evelyn Owens ("plaintiff") appeared in pro per at the hearing. Defendants Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage ("Wells Fargo") appeared through their counsel, Adil Haq. Defendant First American Loanstar Trustee Services ("Loanstar") appeared through its counsel, Natalie Sperry. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendants' motions to dismiss, for the reasons stated at the hearing, and summarized as follows.

    Preliminarily, however, there are two procedural issues that must be highlighted. First, the court notes that plaintiff's second amended complaint – which the court granted plaintiff leave to file in connection with the court's earlier dismissal of plaintiff's original complaint – goes well beyond the scope of the court's order granting leave to amend. Plaintiff's second amended complaint impermissibly seeks to add ten new causes of action not alleged in the original complaint (for a total of twelve causes of action) – all of which appear to be state law claims. Normally, plaintiff's failure to restrict her amendments to the issues and deficiencies identified by the court would prove problematic. However, since

both entity defendants waived any objections arising from plaintiff's procedural error at the hearing on the underlying motions, the court has construed the second amended complaint as a properly filed complaint, with respect to all causes of action asserted therein.

Second, at the hearing on this matter, plaintiff attempted to excuse her failure to submit any opposition brief in response to defendants' motions by reasoning that she had, in fact, submitted an opposition brief to defendants, but had simply neglected to file the brief with the court in advance of the hearing. After the court requested that plaintiff provide the court with her purported opposition brief no later than the following day, plaintiff duly filed a document with the court. However, upon review of the document, the court finds that it is not a copy of an earlier filed opposition brief at all. Rather, it is a letter that purports to submit additional authority in support of plaintiff's opposition to defendants' motion, and in which plaintiff indicates that she will "stand firm on [her] original complaint" in part. As this filing best approximates a late-filed opposition to defendants' motion, and furthermore in view of the fact that the letter itself is nonsensical and ultimately unhelpful in deciding the matter before it, the court accordingly STRIKES the filing.

Turning to the substantive causes of action alleged by plaintiff and the issues raised by defendants, the court's ruling is as follows:

1. As an initial matter, plaintiff has failed to satisfactorily allege acts of bad faith on Loanstar's part, such that Loanstar should be stripped of the immunity from suit to which it is entitled here. See Cal. Civil Code § 2924(b)("the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage"); see also Garretson v. Post, 156 Cal. App. 4th 1508 (2007). Thus, plaintiff has failed to cure the deficiencies previously noted with respect to Loanstar, and her claims fail substantively as to this defendant. Loanstar's motion to dismiss on grounds that certain privileges and immunities protect it from suit is therefore GRANTED.

2. With respect to plaintiff's claims for relief, plaintiff's first claim for "Fraud and Deceit – Intentional Misrepresentation of Fact" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6). Plaintiff has failed to allege the requisite elements of fraud (via intentional misrepresentation) with particularity, as required by the heightened pleading requirements of FRCP 9(b). See, e.g., Gil v. Bank of Am., Nat'l Ass'n, 138 Cal. App. 4th 1371, 1381 (2006)(elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages"); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003)(plaintiff must include "the who, what, when, where, and how" of the alleged fraud). Accordingly, this claim is DISMISSED.

3. Plaintiff's claim for "Fraud and Deceit - Suppression of Facts" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6). Plaintiff has failed to allege the requisite elements of fraud (via suppression of facts) with particularity, as required by the heightened pleading requirements of FRCP 9(b). See, e.g., Gil, 138 Cal. App. 4th at 1381; Vess, 317 F.3d at 1107. Accordingly, this claim is DISMISSED.

4. Plaintiff's claim for "Fraud and Deceit - Negligent Misrepresentation" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6). Plaintiff has failed to allege the requisite elements of fraud (via negligent misrepresentation) with particularity, as required by the heightened pleading requirements of FRCP 9(b). See, e.g., Gil, 138 Cal. App. 4th at 1381; Vess, 317 F.3d at 1107. Accordingly, this claim is DISMISSED.

5. Plaintiff's claim for "Fraudulent Omissions" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6). Plaintiff has failed to allege the requisite elements of fraud (via actionable omissions) with particularity, as required by the heightened pleading requirements of FRCP 9(b). See, e.g., Gil, 138 Cal. App. 4th at 1381; Vess, 317 F.3d at 1107. Accordingly, this claim is DISMISSED.

6. Plaintiff's claim for "Violation of California Civil Code 2923.6" fails to state

facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6). Plaintiff's claim under the statute is premised upon defendant's allegedly wrongful denial of a loan modification for plaintiff. However, as defendant notes, section 2923.6 neither grants any right to a loan modification, nor provides a private right of action to compel a loan modification or defend against foreclosure. See, e.g., Gaitan v. Mortgage Elec. Registration Sys., 2009 WL 3244729, *7 (C.D. Cal. 2009)(section 2923.6 "clearly does not create a private right of action"); Farner v. Countrywide Home Loans, 2009 WL 189025, *2 (S.D. Cal. 2009)("nothing in Cal. Civ.Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers"). Accordingly, this claim is DISMISSED.

7. Plaintiff's claim for "Violation of Business and Professions Code Section 17200" ("UCL") fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6). Plaintiff does not allege any "unlawful, unfair or fraudulent business acts" in violation of the UCL. See Bus. & Prof. Code § 17200. Further, plaintiff's UCL claim depends on the viability of her underlying claims, and as discussed herein, those claims all suffer from a variety of legal and factual defects. Accordingly, plaintiff has failed to state a valid UCL claim, and the claim is therefore DISMISSED.

8. Plaintiff's claim for "Breach of Covenant of Good Faith and Fair Dealing" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6), because plaintiff has failed to allege actionable conduct by Wells Fargo that frustrates plaintiff's right to benefit from an actionable contract. See Racine & Laramie v. Dep't of Parks & Rec., 11 Cal. App. 4th 1026, 1031-32 (1992); see also Gus v. Bechtel Nat. Inc., 24 Cal. 4th 317, 349-350 (2000). The evidence in the record demonstrates that Wells Fargo initiated foreclosure proceedings in accordance with the Deed of Trust, once plaintiff defaulted on her property. See Def. Request for Judicial Notice, Exs. E-D. As such, plaintiff's claim must be DISMISSED because a covenant of good faith and fair dealing cannot "be read to prohibit a party from doing that which is expressly permitted by an agreement." Carma

Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc., 2 Cal. 4th 342, 374 (1992).

9.  Plaintiff's claim for "Injunctive Relief" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6). Since plaintiff cannot demonstrate the likely success on the merits under any of the claims asserted in the second amended complaint – as set forth herein – it is not likely that plaintiff will prevail on the merits at trial as the underlying claims on which the request for injunctive relief is based, are defective. Accordingly, this claim is DISMISSED.

10. Plaintiff's claim for "Violation of Civil Code § 1572" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6). This statutory provision sets forth the statutory definition of fraud. See Cal. Civil Code § 1572. To the extent plaintiff alleges fraud by defendant, however, and as noted herein in conjunction with several of plaintiff's causes of action, plaintiff has failed to allege the requisite elements of fraud with particularity, as required by the heightened pleading requirements of FRCP 9(b). See, e.g., Gil, 138 Cal. App. 4th at 1381; Vess, 317 F.3d at 1107. Accordingly, this claim is DISMISSED.

11. Plaintiff's claim for "Fraud" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6). Plaintiff has failed to allege the requisite elements of fraud with particularity, as required by the heightened pleading requirements of FRCP 9(b). See, e.g., Gil, 138 Cal. App. 4th at 1381; Vess, 317 F.3d at 1107. Accordingly, this claim is DISMISSED.

12. Plaintiff's claim for "Declaratory Relief" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6). Given the absence of any substantive claim as set forth herein, there is no actual controversy to warrant issuance of a judicial declaration. See 28 U.S.C. § 2201. Accordingly, this claim is DISMISSED.

13. Plaintiff's claim "To Set Aside a Defective and Wrongful Foreclosure" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6). It is settled, under California law, that "an action to set aside a trustee's sale for irregularities in sale

notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (1984); see also Karlsen v. Am. Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."). Plaintiff has failed to allege that she tendered or offered to tender the full amount owed under the loan, as is required. To the extent plaintiff alleges that if an offer of tender was made, it should be excused, this is insufficient to satisfy the requirement that unequivocal tender must be made. Accordingly, this claim is DISMISSED.

In sum, defendants' motions to dismiss are GRANTED, and plaintiff's claims are dismissed in their entirety. In view of the fact that plaintiff's second amended complaint represents plaintiff's third attempt at pleading viable causes of action, and in view of plaintiff's repeated failure to cure the deficiencies raised therein and highlighted by the court at two separate hearings on plaintiff's complaint, the foregoing dismissals are WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: January 26, 2010

PHYLLIS J. HAMILTON
United States District Judge